1

2

3

4

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CARTER II; JASON DEIMERLY; MICHAEL ESTRADA; REX GARCIA; MATTHEW MILLSON; GEORGE OZBURN; DANIEL EPPERLY; CARLIN WILLIAMS; MANUEL FLORES; ANTHONY DIXON; ROBERT MAREAN; JON SIMS; JESUS DIAZ; EDANGEL FUENTEZ; TIM RIVERA; DOUGLAS BOLTON; JAMES WATTS; and BRIEN MELKONIAN; | Case No. 13-cv-774-BAM |
| | Case No. 13-cv-775-BAM |
| | Case No. 13-cv-778-BAM |
| | Case No. 13-cv-783-BAM |
| | Case No. 13-cv-784-BAM |
| | Case No. 13-cv-790-BAM |
| | Case No. 13-cv-795-BAM |
| | Case No. 13-cv-829-BAM |
| Plaintiffs, | Case No. 13-cv-902-BAM |
| vs. | Case No. 13-cv-972-BAM |
| | Case No. 13-cv-973-BAM |
| COUNTY OF FRESNO, | Case. No. 13-cv-989-BAM |
| Defendants. | Case. No. 13-cv-1001-BAM |
| | Case. No. 13-cv-1003-BAM |
| | Case. No. 13-cv-1004-BAM |
| | Case No.  13-cv-1006-BAM |
| | Case No. 1 3-cv-1007-BAM |
| _____/ | Case No.  13-cv-1009-BAM |

Pending before the Court is Plaintiff's Motion for Definite Statement filed on February 27, 2015. Defendant filed an opposition on March 20, 2015, and Plaintiff filed a Reply on March 27, 2015.  While entitled "Motion for Definite Statement," the motion deals with unique procedural issues

1

arising from the decertification of a related collective action.  By way of background for the instant motion, the Court held a status conference on February 3, 2015, and ordered that the parties file a brief on the following issues: (1) whether there was a formal certification of the collective action in *Espinoza v. County of Fresno*, 07-cv-1145 (hereinafter, "*Espinoza* action"), (2) whether the District Judge's ruling on Defendant's Motion for Summary Judgment (*Espinoza* action, Docs. 156 and 158) is binding on the remaining plaintiffs who are now pursuing their cases individually after decertification of the collective action, and (3) what affect Plaintiffs' waiver of fees, costs, and appeal rights in the *Espinoza* action (Doc. 261) has on the claims Plaintiffs now allege in their individual cases.

The Court held a hearing on May 1, 2015.  The history of the case was stated in detail on the record during the May 1, 2015 hearing.  At the hearing, the Court asked for supplemental briefing on the issue of whether attorney's fees incurred in the *Espinoza* action may be recovered or "continued" in the instant case.  Plaintiff filed a Supplemental Memorandum on May 15, 2015, and Defendant filed a Reply on May 29, 2015.

After briefing all issues, the parties have agreed on many of the issues outlined above, and the Court concurs with the parties' conclusions and analysis.  Accordingly, the Court finds the following:

1) Conditional certification was not required for the opt-in collective action in the *Espinoza* case, and that collective action was subsequently decertified by Judge Snyder on March 25, 2013 (*Espinoza* action, Doc. 181);

2)  The District Judge's ruling on Defendant's Motion for Summary Judgment (*Espinoza* action, Docs. 156 and 158) is binding on the remaining individual class members.  The issue of whether the District Judge's summary judgment ruling in the *Espinoza* action is appealable is to be determined at a later date by the Ninth Circuit.  The operative complaint in the instant case is the complaint initiating the current action (Doc. 1) and the operative claims are the claims stated therein; and

3)  With regard to attorney's fees, Plaintiff has argued that the Fair Labor Standards Act does not limit the recovery of reasonable attorney's fees.  Courts have recognized that in determining reasonable fees, a Plaintiff is not limited to only those fees incurred in the subject action. Instead, attorney's fees incurred in prior proceedings can be recovered in a later action if the work was inexplicitly linked to the issues raised in the instant litigation, is useful and ordinarily necessary, and may be recovered in cases like this one, where a collective action has been subsequently decertified. Defendant acknowledges that the court in its discretion may include an award of reasonable attorney's fees incurred *Espinoza*, if the work was inexplicitly linked to the issues raised in the instant litigation, and was useful and ordinarily necessary to secure the final result obtained in the present case.

In light of the above, the Court finds that if Plaintiff is the prevailing party in the instant action, Plaintiff may be entitled to recover some *reasonable* attorney fees incurred in the *Espinoza* matter. The determination of the type and the amount of any attorney's fees will occur after the disposition of each of the individual actions.   Any attorney fee award will be calculated based on the lodestar method.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ryan v. Editions Ltd., West, Inc*. --- F.3d ---, 2015 WL 2365954 (9th Cir. 2015) ("When calculating the amount of attorney fees to be awarded in a litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate.")  Therefore, the court at this time will not preclude potential recovery of reasonable attorneys' fees incurred in the *Espinoza* action.

IT IS SO ORDERED.

Dated:   **June 4, 2015**              /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28